Dissenting Opinion.
Spencer, J.
I understand that this cause is remanded to enable plaintiff to prove by parol evidence that a sale made by his debtor, and duly recorded eleven years before plaintiff’s right had an existence was a simulation, and that other and subsequent transfers of said property, all prior to the origin of plaintiff’s right, were also simulations.
In my opinion, the acts of a debtor done prior to the origin of a creditor’s right are as much an estoppel of the creditor as they are of *799 the debtor himself. The general rule undoubtedly is that one can confer no greater right than he himself has. To; this rule there are a few exceptions, such as those in favor of bona fide third holders of mercantile paper, and purchasers without notice of unrecorded incumbrances But exceptions can not be extended by implication or construction. They are stricti juris. All the analogies of our law are opposed to the conclusions of the majority of the court. Thus our Code expressly declares that a fraudulent act done by the debtor before the creditor’s right accrued can not be questioned by the latter. That judgments rendered against the debtor before the creditor’s debt existed are res judicata against the latter. And why ? Because in such cases the debtor is the author and representative of his subsequent creditors, and they are as much bound and estopped thereby as he is. ■ A deed, or act, or decree, which estops him estops them. Now it is elementary that the vendor and his assigns or heirs can prove simulation only by a counter letter. The rights of creditors, posterior in date to the act in question, are and can be no greater than his.
Any other doctrine is destructive of all certainty in public records and property titles, putting them at the mercy of perjured witnesses and bad memories. The 'exceptions to these rules, so essential to the public welfare, should not be multiplied by extending .their principles to cases not clearly within their terms.
I therefore dissent.
Rehearing refused.